**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Antonio LaFayette Williams, Jr., Appellant.

Appellate Case No. 2023-000570

---

Appeal From Laurens County
Jocelyn Newman, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-171
Submitted March 2, 2026 – Filed April 8, 2026

---

**AFFIRMED**

---

Senior Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia, and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

---

**PER CURIAM:** Antonio L. Williams (Appellant) appeals his convictions for armed robbery and attempted murder and his sentence of thirty years'

imprisonment.[1]  Appellant argues the trial court erred by admitting Victim's out-of-court identification.  We affirm.

1.      Appellant argues the trial court erred in admitting Victim's out-of-court identification where (1) only three of the six suspects in the lineup had facial tattoos, (2) Victim indicated the photograph selected was suggested to him by law enforcement, and (3) Victim denied Appellant was the suspected shooter.  As to reliability, Appellant asserts (1) Victim's attention was "limited at best," (2) Victim's description of the shooter was "relatively generic," and (3) the length of time between the shooting and identification was "long enough" for Victim to assess "other matters."  Appellant contends Victim's out-of-court identification prejudiced him because the State presented no other direct evidence of guilt.  We disagree.

We hold that although the photo lineup was suggestive, it was not error for the trial court to admit it because Victim's identification was reliable notwithstanding the suggestiveness.  *See State v. Liverman*, 398 S.C. 130, 138, 727 S.E.2d 422, 425 (2012) ("Generally, the decision to admit an eyewitness identification is at the trial [courts]'s discretion and will not be disturbed on appeal absent an abuse of discretion."); *Manson v. Brathwaite*, 432 U.S. 98, 106 (1977) ("The admission of testimony concerning a suggestive and unnecessary identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability."); *State v. Traylor*, 360 S.C. 74, 82, 600 S.E.2d 523, 527 (2004) ("Even assuming an identification procedure is suggestive, it need not be excluded so long as, under all the circumstances, the identification was reliable notwithstanding the suggestiveness."); *id.* ("The inquiry must focus upon whether, under the totality of the circumstances, there was a substantial likelihood of irreparable misidentification."); *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972) (noting the factors to consider in evaluating the likelihood of misidentification include "the opportunity of the witness to view the criminal at the time of the crime, the witness'[s] degree of attention, the accuracy of the witness'[s] prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.").

We find the factors weigh in favor of reliability.  First, Victim testified he was outside his car when the shooter got out of another car, "pulled out a gun and started shooting," which suggests Victim had the opportunity to see the shooter. *See State v. Turner*, 373 S.C. 121, 128, 644 S.E.2d 693, 697 (2007) (holding the

---

[1] Appellant was sentenced to fifteen years for each charge, to run consecutively.

victim had "an ample opportunity to view her assailant at the time of the crime" because she "had a full facial view of him while he asked her questions"). Second, Victim's degree of attention was likely high because he was able to give descriptions of various individuals in the other car and described how the altercation began; further, the description Victim provided at the time of the incident, which was a "black male [with] short hair [and] multiple tattoos on his face and neck," matched the photo he chose. *See id.* ("Her degree of attention was manifested by the description she gave police[; h]er description included the details that the assailant was tall, was built, was not wearing a shirt, was dark, and had some facial hair[; t]his description she gave police matched the photograph she chose from the line-up."). Next, the officers testified Victim chose Appellant's photo "pretty quickly," was "very positive" and "confident," in his choice, and repeatedly stated, "[t]hat was him," which indicated Victim had a "high degree of certainty" in his choice. *See id.* (reasoning the victim had a "high degree of certainty" because "she looked at the photographs only momentarily before identifying appellant"). Finally, the time between Victim's out-of-court identification and the shooting was approximately fifteen hours. Because we find under the totality of the circumstances Victim's out-of-court identification was reliable, we hold it was properly admitted.

Based on the foregoing, Appellant's convictions and sentence are

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.